**JOHN L. BURRIS, Esq. SBN 69888**
**MELISSA C. NOLD, Esq. SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LEDESMA, an individual; and JEANNIE LEDESMA, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF VALLEJO, a municipal corporation; ROBERT DEMARCO, individually and in his official capacity as Police Officer for the CITY OF VALLEJO; AMANDA BLAIN, individually and in her official capacity as Police Officer for the CITY OF VALLEJO; and DOES 1-50, individually and in their official capacities as Police Officers for the CITY OF VALLEJO, jointly and severally, <br><br> Defendants. | CASE NO.: <br><br> COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES <br><br> JURY TRIAL DEMANDED |

## INTRODUCTION

1. On the evening of December 8, 2015, Plaintiffs Joseph and Jeannie Ledesma were engaged in a verbal argument, at their home, in Vallejo, California. Defendant City of Vallejo Police Officers Robert Demarco and Amanda Blain responded to a call for service at the Ledesma home and determined that no crime had occurred. At that point the officers no longer had any legal reason to be

on the Ledesma property. One of the Ledesma family dogs walked into the front yard and Defendant Demarco tased the dog for no reason. Mr. Ledesma was non-threatening, unarmed, not suspected of committing any crime and was not in police custody. Mr. Ledesma tried to grab the taser wires from the injured dog's coat. Defendant Demarco responded by striking Mr. Ledesma with an asp, in his arms and legs. Then, Defendant Blain tased Mr. Ledesma in the back and he fell to the ground. Defendant Demarco continued to violently attack the unarmed man, who was now lying on his back in a fetal position, in an attempt to avoid being struck in the head with the asp. Defendant Blain continued to tase Mr. Ledesma once he was incapacitated on the ground. Defendant Demarco continued to strike Mr. Ledesma until his asp broke. To add insult to injury, Mr. Ledesma was subsequently arrested and charged with attacking the officers, an egregious lie, in an attempt to conceal the officers' abuse. Not coincidently, the officers did not turn on their lapel cameras until after Mr. Ledesma was in handcuffs.

2. The Defendant Officers' official police report documents only one asp strike on Mr. Ledesma arm, a claim which is belied by the 8-10 asp strike marks on Mr. Ledesma's two shattered arms.

3. This action seeks to recover damages for the violation of Mr. Ledesma's rights and the rights of his wife, Mrs. Jeannie Ledesma, who witnessed this brutal display of excessive force against her husband.

## JURISDICTION

4. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Vallejo, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

5. Plaintiff herein, JOSEPH LEDESMA is, and at all times herein mentioned was a resident of California and a natural person.

6. Plaintiff herein, JEANNIE LEDESMA is, and at all times herein mentioned was a resident of California and a natural person.

7. Defendant CITY OF VALLEJO (hereinafter referred to as "VALLEJO") is and at all times

mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of California. Under its supervision, the CITY OF VALLEJO operates the Vallejo Police Department ("VPD").

8. Defendant ROBERT DEMARCO (hereinafter referred to as "Defendant") is and at all times mentioned herein a natural person. He is being sued in his individual and official capacity as a Police Officer for the CITY OF VALLEJO.

9. Defendant AMANDA BLAIN (hereinafter referred to as "Defendant") is and at all times mentioned herein a natural person. She is being sued in his individual and official capacity as a Police Officer for the CITY OF VALLEJO.

10. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend their complaint subject to further discovery.

11. In engaging in the conduct alleged herein, defendant police officers acted under the color of law and in the course and scope of their employment with VALLEJO. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers, under the United States and California Constitutions, and as employees of VALLEJO.

12. For State causes of action related to Federal claims, plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs complied with all claim filing requirements.

## STATEMENT OF FACTS

13. On December 8, 2015, at approximately 10:00 p.m., Claimant Mr. Joseph Ledesma and his wife, Claimant Mrs. Jeannie Ledesma, were involved in an argument at their home on Tanglewood Ct, in Vallejo. Mrs. Ledesma contacted the police department for assistance.

14. As City of Vallejo Police Officers Robert Demarco and Amanda Blain arrived at the Ledesma home, Mr. Ledesma was trying to leave, so as to resolve the non-violent marital dispute. Thereafter, Defendant Demarco used his flashlight to begin violently banging on Mr. Ledesma's truck window, demanding that Mr. Ledesma get out of the truck. Mr. Ledesma got out of the truck and spoke to the defendants. The Defendant officers determined that there was no crime committed. The Defendant officers no longer had a legal justification for remaining on the Ledesma's property.

15. The Ledesma's dogs came out from the backyard, but did not attack or threaten the officers. Without asking either Ledesma to secure their dogs, Officer Demarco inexplicably shot the Ledesma's dog with a taser. The dog began yelping and Mr. Ledesma tried to remove the taser prongs from the dog. Without cause, Officer Demarco struck Mr. Ledesma in the arm with an asp. Then, Mr. Ledesma was tased in the back by Officer Blain. Mr. Ledesma fell onto the ground where Officer Demarco continued to hit him over and over with the asp, striking his arms and legs. Mr. Ledesma thereafter curled up on his back in a fetal position, using his arms to protect his head from Officer Demarco's violent and unprovoked blows. Officer Blain tased Mr. Ledesma again in his shoulder, while Mr. Ledesma was on the ground. Officer Demarco continued to hit Mr. Ledesma with his asp until both of Mr. Ledesma's arms were broken. During this incident Mrs. Ledesma watched in horror as her husband was brutally attacked. Officer Demarco broke his asp from hitting Mr. Ledesma so many times.

16. In Officer Demarco's official police report, he describes hitting Mr. Ledesma with the asp

three times, once in his arm and twice on his legs. Officer Demarco fails to mention the 8-10 asp strikes, which collectively broke both of Mr. Ledesma' arms, and are documented and photographed. Mr. Ledesma requires surgery to repair the severe damage to one of this arms. In Officer Blain's official police report, she describes tasing Mr. Ledesma while he is laying on his back on the ground. Officer Blain fails to acknowledge tasing Mr. Ledesma in the center of his back, while he is standing, which is documented and photographed. To add further insult to injury, Mr. Ledesma was arrested and charged with Penal Code section 69, despite having never threatened nor physically assaulted either of the officers.  Mr. Ledesma lost his job as a result of this incident.

17. Plaintiffs are informed and believe and thereon allege that VALLEJO, and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendant Officers and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline Defendant Officers and DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of excessive and/or deadly force and the fabrication of official reports to cover up Defendant Officers and DOES 1-25's inclusive, misconduct.

18. Plaintiffs are informed, believes and thereon alleges that members of the VALLEJO Police Department, including, but not limited to Defendant Officers and Does 1-25 inclusive and/or each of them, have individually and/or while acting in concert with one another used excessive, arbitrary and/or unreasonable force against Joseph Ledesma.

19. Plaintiffs are further informed, believe and therein allege that as a matter of official policy – rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who live, work or visit the City of VALLEJO, VPD has allowed persons to be abused by its Police Officers including Defendant Does 1-25 and/or each of them, individually and/or while acting in concert with one another.

20. Plaintiffs are informed, believes and therein alleges that VPD Police Officers exhibit a pattern

and practice of using excessive force against citizens and despite these incidents, none of the officers are ever found in violation of department policy, even under the most questionable of circumstances, despite VPD's ominous history of egregious abuses of force.  VPD's failure to discipline or retrain any of the involved Officers is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting deaths and injuries is a proximate result of VPD's failure to properly supervise its Police Officers and ratify their unconstitutional conduct.

21. Plaintiffs are informed, believes and therein alleges that VALLEJO knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

22. Plaintiffs are ignorant of the true names and capacities of Defendant Officers DOES 1 through 25, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiffs are informed, believes, and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein.  Plaintiffs will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## DAMAGES

23. Plaintiffs were physically and emotionally injured and damaged as a proximate result of Plaintiff Ledesma's egregious beating, including but not limited to: Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment; and violations of California statutory and common law.

24. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION

**Violation of Fourth Amendment of the United States Constitution**

**(42 U.S.C. §1983)**

**(Plaintiff Joseph Ledesma Against DEMARCO, BLAIN and DOES 1-25 inclusive)**

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 of this complaint. Defendants' above-described conduct violated Plaintiff Ledesma's rights, as provided for under the Fourth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable use of force against him.

26. Plaintiff Ledesma was forced to endure great conscious pain and suffering because of the Defendants' conduct;

27. Defendants acted under color of law by beating Plaintiff Ledesma without lawful justification and subjecting Plaintiff Velasco to excessive force thereby depriving him of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Monell – 42 U.S.C. section 1983)**

**(Plaintiff Joseph Ledesma Against VALLEJO and DOES 26-50)**

28. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 27 of this Complaint.

29. Plaintiff is informed and believes and thereon alleges that high-ranking VALLEJO officials, including high-ranking police supervisors and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about the repeated acts of unconstitutional excessive force by VPD Officers.

30. Despite having such notice, Plaintiff is informed and believes and thereon alleges

that VALLEJO & DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by VPD which brought about Defendant Officers and DOES 1-25 unlawfully beating Joseph Ledesma.

31. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant Officers and DOES 1-25 and/or each of them, ratified and encouraged these officers to continue their course of misconduct.

32. Plaintiff further alleges that Defendant DOES 26-50, and/or each of them, were on notice of the Constitutional defects in their training of VPD police officers, including, but not limited to unlawfully using excessive force to make detentions and/or arrests.

33. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking VALLEJO officials, including high ranking VPD supervisors, DOES 26-50, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Negligence)

**(Plaintiffs Against DEMARCO, BLAIN and DOES 1-25 inclusive)**

34. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 33 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

35. Defendant Officers and DOES 1-25 inclusive, by and through their respective agents and employees, caused the injuries to Joseph Ledesma, as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

36. As an actual and proximate result of said defendants' negligence, Plaintiffs sustained pecuniary loss and pain and suffering, in an amount according to proof at trial.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Violation of Right To Enjoy Civil Rights)

### (Violation of CALIFORNIA CIVIL CODE §52.1)

(Joseph Ledesma Against DEMARCO, BLAIN and DOES 1-25)

37. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 of this Complaint.

38. Defendant DOES' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Joseph Ledesma's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Battery)

### (Joseph Ledesma Against DEMARCO, BLAIN and DOES 1-25 inclusive)

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 of this complaint.

40. Defendants' above-described conduct constituted a battery.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

### (Jeannie Ledesma Against DEMARCO, BLAIN and DOES 1-25 inclusive)

41. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 40 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

42. The wrongful conduct of Defendant Officers and DOES 1-25 inclusive, as set forth herein,

constitutes negligent conduct done with conscious disregard for the rights of Jeannie Ledesma.

43. As a proximate result of Defendant Officers and DOES 1-25 inclusive, negligent conduct, Jeannie Ledesma has suffered severe emotional and mental distress from being present and watching her husband viciously beaten by Defendant Officers and DOES 1-25, while standing helplessly nearby, fearing Defendant Officers and DOES 1-25 were going to kill her husband.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

44. Plaintiffs hereby demands a jury trial.

## PRAYER

WQEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be determined at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income, medical expenses and other special damages in a sum to be determined according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendant DOES 1 through 25 and/or each of them;

5. Any and all permissible statutory damages;

6. For reasonable attorney's fees pursuant to 42 U.S.C. §1988 and U.S.C. §794a; and

7. For cost of suit herein incurred.

**Dated:  January 15, 2017**                    **THE LAW OFFICES OF JOHN L. BURRIS**

*/s/ John L. Burris*
**JOHN L. BURRIS**
**Attorneys for Plaintiffs**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28