**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY:  KELLY J. TRUJILLO**
Assistant City Attorney, SBN 244286
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:   (707) 648-4545
Fax:   (707) 648-4687
Email: kelly.trujillo@cityofvallejo.net

Attorneys for Defendants, CITY OF VALLEJO,
ROBERT DeMARCO, AMANDA BLAIN

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JOSEPH LEDESMA, an individual; and JEANNIE LEDESMA, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF VALLEJO, a municipal corporation, ROBERT DeMARCO, individually and in his official capacity as Police Officer for the CITY OF VALLEJO; AMANDA BLAIN, individually and in her official capacity as Police Officer for the CITY OF VALLEJO; and DOES 1-50, individually and in their official capacities as Police Officers for the CITY OF VALLEJO, jointly and severally, <br><br> Defendants. | Case No:   2:17-cv-00106-MCE-CKD <br><br> **ANSWER OF DEFENDANTS CITY OF VALLEJO, ROBERT DeMARCO, AND AMANDA BLAIN TO PLAINTIFF'S COMPLAINT; JURY TRIAL DEMANDED** |

COMES NOW Defendants City of Vallejo (hereinafter "City") and Robert DeMarco and Amanda Blain (hereinafter referred to collectively as "Defendants") answer Plaintiffs' Complaint as follows:

# INTRODUCTION

1. Answering the first paragraph of the Complaint for Violation of Civil Rights and Damages ("Complaint"), Defendants admit that Vallejo Police Officers Blain and DeMarco responded to a call for service at 101 Tanglewood Court in Vallejo, California on December 8, 2015. Defendants deny each and every remaining allegation contained therein.

2. Answering the second paragraph of the Complaint, Defendants deny each and every allegation contained therein.

3. Answering the third paragraph of the Complaint, Defendants deny each and every allegation contained therein.

# JURISDICTION

4. Answering the fourth paragraph of the Complaint, Defendants admit that jurisdiction is proper. Defendants deny each and every remaining allegation contained therein.

# PARTIES

5. Answering the fifth paragraph of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

6. Answering the sixth paragraph of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

7. Answering the seventh paragraph of the Complaint, Defendants admit that the City is a municipal corporation, duly organized and existing under the laws of State of California and has a Police Department.

8. Answering the eighth paragraph of the Complaint, Defendants admit that Plaintiffs are attempting to sue Officer Robert DeMarco in his individual and official capacity. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in this paragraph.

9. Answering the ninth paragraph of the Complaint, Defendants admit that Plaintiffs are attempting to sue Officer Amanda Blain in her individual and official capacity. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in this paragraph.

10. Answering the tenth paragraph of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every remaining allegation contained therein.

11. Answering the eleventh paragraph of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every remaining allegation contained therein.

12. Answering the twelve paragraph of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every remaining allegation contained therein.

## STATEMENT OF FACTS

13. Answering the thirteenth paragraph of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every remaining allegation contained therein.

14. Answering the fourteenth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

15. Answering the fifteenth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

16. Answering the sixteenth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

//

17. Answering the seventeenth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

18. Answering the eighteenth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

19. Answering the nineteenth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

20. Answering the twentieth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

21. Answering the twenty-first paragraph of the Complaint, Defendants deny each and every allegation contained therein.

22. Answering the twenty-second paragraph of the Complaint, Defendants deny each and every allegation contained therein.

## DAMAGES

23. Answering the twenty-third paragraph of the Complaint, Defendants deny each and every allegation contained therein.

24. Answering the twenty-fourth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

**FIRST CAUSE OF ACTION**
**(Violation of Fourth Amendment of the United States Constitution)**
**(42 U.S.C. § 1983)**
**(Plaintiff Joseph Ledesma against DeMARCO, BLAIN and DOES 1-25 inclusive)**

25. Answering the twenty-fifth paragraph of the Complaint, Defendants re-allege their answers to the paragraphs 1-24 above with the same force and effect as if they were herein set out in full.

26. Answering the twenty-sixth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

//
//

27. Answering the twenty-seventh paragraph of the Complaint, Defendants deny each and every allegation contained therein. Defendants are unaware of any parties named "Velasco."

## SECOND CAUSE OF ACTION
### (Monell – 42 U.S.C. § 1983)
### (Plaintiff Joseph Ledesma against VALLEJO and DOES 26-50)

28. Answering the twenty-eighth paragraph of the Complaint, Defendants re-allege their answers to the paragraphs 1-27 above with the same force and effect as if they were herein set out in full.

29. Answering the twenty-ninth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

30. Answering the thirtieth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

31. Answering the thirty-first paragraph of the Complaint, Defendants deny each and every allegation contained therein.

32. Answering the thirty-second paragraph of the Complaint, Defendants deny each and every allegation contained therein.

33. Answering the thirty-third paragraph of the Complaint, Defendants deny each and every allegation contained therein.

## THIRD CAUSE OF ACTION
### (Negligence)
### (Plaintiffs against DeMARCO, BLAIN and DOES 1-25 inclusive)

34. Answering the thirty-fourth paragraph of the Complaint, Defendants re-allege their answers to the paragraphs 1-33 above with the same force and effect as if they were herein set out in full.

35. Answering the thirty-fifth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

36. Answering the thirty-sixth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

**FOURTH CAUSE OF ACTION**
(Violation of Right to Enjoy Civil Rights)
(Violation of CALIFORNIA CODE § 52.1)
(Joseph Ledesma against DeMARCO, BLAIN and DOES 1-25)

37. Answering the thirty-seventh paragraph of the Complaint re-allege their answers to the paragraphs 1-36 above with the same force and effect as if they were herein set out in full.

38. Answering the thirty-eighth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

**FIFTH CAUSE OF ACTION**
(Battery)
(Joseph Ledesma against DeMARCO, BLAIN and DOES 1-25 inclusive)

39. Answering the thirty-ninth paragraph of the Complaint, Defendants re-allege their answers to the paragraphs 1-38 above with the same force and effect as if they were herein set out in full.

40. Answering the fortieth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

**SIXTH CAUSE OF ACTION**
(Negligence Infliction of Emotional Distress)
(Jeannie Ledesma against DeMARCO, BLAIN and DOES 1-25 inclusive)

41. Answering the forty-first paragraph of the Complaint, Defendants re-allege their answers to the paragraphs 1-40 above with the same force and effect as if they were herein set out in full.

42. Answering the forty-second paragraph of the Complaint, Defendants deny each and every allegation contained therein.

43. Answering the forty-third paragraph of the Complaint, Defendants deny each and every allegation contained therein.

**JURY DEMAND**

44. Defendants demand as a jury trial as well.

---

Case No. 2:16-cv-00106-MCE-CKD    Answer of Defendants City of Vallejo, Robert DeMarco, and Amanda Blain to Complaint

# PRAYER

Defendants deny that plaintiffs are entitled to the relief requested or any relief at all whatsoever.

# AFFIRMATIVE DEFENSES

1. As a first affirmative defense, the Defendants allege that the Complaint fails to state any claim upon which relief can be granted.

2. As a second affirmative defense, the Defendants allege that Plaintiffs' claims are barred by the applicable statutes of limitation.

3. As a third affirmative defense, the Defendants allege that plaintiffs were negligent and careless in and about matters and events set forth in the Complaint. Plaintiffs' negligence proximately contributed to their alleged injuries and damages. Any jury verdict in Plaintiffs' favor that may be rendered in this case, therefore, must be reduced by the percentage that decedent's negligence contributed to any of his damages or injuries.

4. As a fourth affirmative defense, the Defendants allege that at all times herein mentioned, all actions taken by the Defendant police officers were reasonable under the circumstances and taken under a reasonable belief that the actions were lawful. The Defendant police officers are therefore entitled to qualified immunity from liability for matters set forth in the Complaint.

5. As a fifth affirmative defense, the Defendants allege that any harm which came to plaintiffs was a direct and proximate cause of their own actions.

6. As a sixth affirmative defense, the Defendants allege that any of Plaintiffs' alleged damages or injuries were aggravated by plaintiffs' failure to use reasonable diligence to mitigate them.

7. As a seventh affirmative defense, the Defendants allege that any of Plaintiffs' damages or injuries were proximately caused by the negligence of other persons, firms, corporations or entities, for whom the Defendants is not responsible. Should Plaintiff be entitled to recover under the Complaint, her recovery should be

reduced in proportion to the negligence of such other persons, firms, corporations or entities.

8. As an eighth affirmative defense, the Defendants allege that its police officers were acting in their official capacities at all times relevant to this action, and any alleged actions were made in good faith, without malice, or were performed with a reasonable belief that their actions were authorized by and in accord with existing law and authority.

9. As a ninth affirmative defense, the Defendants allege that its officials and employees actions, if any, were privileged as a matter of law. Consequently, no liability can be cast upon them in their individual capacities to the extent they become parties to this lawsuit.

10. As a tenth affirmative defense, the Defendants allege that Plaintiffs' state claims are barred pursuant to California Government Code §§ 911.2, 911.4, 945.4, 946.6, 950.2, 950.6, 815.2, 815.6, 818.2, 818.8, 820, 820.2, 820,4, 820.8, 821, 821.6, 822.2, 844.6, 845, 845.2, 845.6, 846, 855, 855.8, 856 and 856.4. Said sections are pleaded as though fully set forth herein.

11. As an eleventh affirmative defense, the Defendants allege that plaintiffs' arrest and/or detention was made with probable cause or reasonable suspicion.

12. As a twelfth affirmative defense, the Defendants allege that any search or seizure of the plaintiffs, if any, was reasonable and necessary to effect lawful and proper law enforcement procedures and, as such, there can be no liability against the Defendants.

13. As a thirteenth affirmative defense, the Defendants allege that Plaintiff's claims for punitive damages are barred by the provisions of Government Code § 818 and *Newport v. Fact Concerts,* 453 U.S. 247 (1981).

14. As a fourteenth affirmative defense, the Defendants allege that Plaintiff is not entitled to punitive damages, because punitive damages are unconstitutional and violate the Defendants' right to due process and equal protection.

---

Case No. 2:16-cv-00106-MCE-CKD    Answer of Defendants City of Vallejo, Robert DeMarco, and Amanda Blain to Complaint

16. As a sixteenth affirmative defense, the Defendants allege that Plaintiff's claims against the City under 42 U.S.C. § 1983 are contrary to law, in that they are founded upon the doctrine of respondeat superior. Neither a municipality nor its officers, supervisors, or policymakers can be held liable under 42 U.S.C. § 1983 under a respondeat superior theory. (*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).)

17. As a seventeenth, separate and affirmative defense Defendants allege that plaintiffs had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to himself.

18. As an eighteenth and separate affirmative defense, Defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiff.

19. As a nineteenth and separate affirmative defense, Defendants allege Defendants shall only be responsible for damages in an amount determined pursuant to and in accordance with Proposition 51 (Civil Code § 1431.2).

## DEMAND FOR JURY

Defendants hereby demand a trial by jury as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

//
//
//
//
//
//
//
//
//

**PRAYER FOR JUDGMENT**

Wherefore the Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by this action;
2. That the Defendants be awarded the costs of defending this lawsuit;
3. That the Defendants be awarded a judgment against the Plaintiffs; and
4. For such other and further relief as this Court deems proper.

DATED: March 9, 2017                           Respectfully submitted,


                                                          */s/ Kelly J. Trujillo*
                                                          KELLY J. TRUJILLO
                                                          Assistant City Attorney
                                                          Attorney for Defendants,
                                                          CITY OF VALLEJO, ROBERT DeMARCO
                                                          and AMANDA BLAIN